NOTE: CHANGES MADE BY THE COURT

1

**MICHAEL N. FEUER**, City Attorney

2

**THOMAS H. PETERS**, Chief Assistant City Attorney
**CORY M. BRENTE**, Supervising Assistant City Attorney

3

**J. EDWIN RATHBUN, JR.**, Deputy City Attorney (SBN-221804)

4

200 North Main Street; 6th Floor, City Hall East Los Angeles, CA 90012
Email: edwin.rathbun@lacity.org

5

Phone No.: (213) 978-7041, Fax No.: (213) 978-8785

6

7

*Attorneys for Defendants* CITY OF LOS ANGELES, SERGEANT KUNTZ and
OFFICER JOSEPH POLLACK

8

9

**UNITED STATES DISTRICT COURT**

10

**CENTRAL DISTRICT OF CALIFORNIA**

11

12

GIOVANNI FERDINAND

13

14

Plaintiff,

15

vs.

16

OFFICER JOSEPH POLLACK,
SERGEANT KUNTZ, THE CITY OF

17

LOS ANGELES and DOES 1 to 20,

18

inclusive,

19

Defendants.

20

21

22

**CV14-7056FMO(JPRx)**
U.S. Magistrate Jean P. Rosenbluth
U.S. District Judge Fernando M. Olguin
Complaint Filed:  9/11/14

**STIPULATION OF PARTIES AND
STATEMENT OF GOOD CAUSE
FOR PROPOSED PROTECTIVE
ORDER REGARDING
DISCLOSURE OF
CONFIDENTIAL INFORMATION**

23

**TO THE HONORABLE COURT:**

24

/ / /

25

/ / /

26

/ / /

27

/ / /

28

1

# I.

## **PRELIMINARY STATEMENT PURSUANT TO COURT DOC. 17**

That pursuant to the Order of the magistrate judge Docket No. 17, the court directed the parties to make specific changes to the protective order which was submitted previously to the court for consideration. In the Order, the court requested the parties advise it of any additional changes other than those suggested by the Court were made to the protective order.

In addition to making the corrections advised by the court, the parties apprise the court that the scope of the protective order is expanded greatly as to the documents to be included under this protective order and is done so on a desire by the plaintiff to obtain documents quickly and efficiently from the defendants who claim the official information and various other privileges for which they claim confidentiality. (See Paragraph 1, subsections (a) through (f) for a list of these requested documents.) The parties have made further additional revisions and edits to Paragraphs 1, 13, 15, and 19-23, as necessitated by the parties' agreements concerning these documents.

# II.

## **BACKGROUND**

This litigation arises from a traffic stop on January 28, 2014, which ultimately resulted in Plaintiff's arrest. The parties have begun conducting written discovery.

Whereas counsel for the parties have discussed the mutual exchange of documents in this litigation, Defendants, through their counsel of record, have agreed to produce certain confidential information in this litigation, and therefore, the parties have stipulated to the following terms and conditions, the Court hereby orders as follows:

1.     In accordance with the above-referenced agreement, the City of Los Angeles has agreed to produce copies of the following documents following the issuance of a protective order in this matter:

(a)     The Los Angeles Police Department Use of Force Report (including the resulting photographs and audio recorded statements) relating to the January 28, 2014 incident, which gives rise to this litigation.

(b)     The use of force report, including the report itself, with all supplemental reports, photos, video, recordings;

(c)     The Internal Affairs Report;

(d)     The following documents from the personnel files of Sergeant Kunz, Officer Joseph Pollack, Officer Len Lai, Officer Regina Smith, and Officer Brown for seven years prior and up to the date of the incident including the following:

• All claims, complaints, and their investigations, whether substantiated or not, for allegations of excessive use of force, whether substantiated or not for officers;

• All allegations or complaints of dishonesty, untruthfulness, and submissions of false/untruthful reports for officers;

• All allegations and complaints of a failure to report the use of excessive force for officers;

• All allegations and complaints of a failure to report the submission of false/untruthful reports;

• All documents concerning disciplinary measures administered, or warnings given which are relevant to issues of excessive force, failure to report excessive use of force, acts of dishonestly, untruthfulness, and submissions of false/untruthful reports for officers, as well the failure to report the submission

3

1    of false/untruthful reports;

2         •     All performance evaluations and negative memos relating to job

3               performance;

4         •     All documents relating to criminal action initiated against the

5               officer;

6         •     All Training records for the areas of: arrests and control

7               techniques, vehicle stops, any course titled "use of force,"

8               traffic enforcement, custody, report writing, ethics, arrest

9               tactics, laws of arrest, and patrol techniques.

10        (e)    Any and all tape recordings, text messages or writings which

11   contain statements which relate to the incident, including police vehicle

12   radio dispatch calls or communications between police vehicles from Mobile

13   Data Terminals/Computers (MDT and or MDC), dispatch operators, or other

14   governmental agencies.

15        (f)    Any "911" or other telephone calls, recordings, dispatch records

16   and computerized call histories which relate to the incident.

17        All documents, with the exception of the Internal Affairs Report, will be

18   produced within ten days following the protective order being granted by the court.

19   The Internal Affairs Report will be produced within seven days of defense

20   counsel's receipt of it.

21                              **III**.

22                    **GOOD CAUSE STATEMENT**

23        2.     The Los Angeles Police Department conducts internal administrative

24   investigations of Officer Involved Uses of Force and Complaint Investigations

25   (hereinafter "Administrative Investigations") and also maintains a personnel file on

26   its officers which includes personnel training information. Once an Administrative

27   Investigation is initiated, a formal investigation number is prepared. Such

28

_____
STIPULATION OF PARTIES AND STATEMENT OF GOOD CAUSE FOR PROPOSED PROTECTIVE ORDER
REGARDING DISCLOSURE OF CONFIDENTIAL INFORMATION

investigations are reviewed by appropriate command officers in the Department. This review has several purposes: (1) to determine whether the involved officers violated any Department policies or procedures; (2) to determine whether administrative discipline and/or retraining of the involved officers is necessary; and (3) to ascertain if police policies and procedures in such areas as supervision, training, tactics, policies, etc. should be modified. Administrative Investigations are an essential aid to providing critical evaluation of Department officers and policies, and to determine the most effective way to serve the citizens of Los Angeles.

3.     The Department strives to maintain the confidentiality of an officer's personnel package and Administrative Investigations, and the information contained therein, in recognition of the protections granted pursuant to Penal Code § § 832.5, 832.7, and 832.8 and 1040 et al. of the California Evidence Code.  Just as officer's personnel package is maintained as confidential, so too are the Administrative Investigations involving a particular officer(s).  Administrative Investigations, like an officer's personnel package, include information which is both personal in nature and could potentially impact the liberty interests of the involved police officers and/or civilians named within.  The information obtained from personnel packages and Administrative Investigations can, and have been used to initiate disciplinary action against officers, as well as evidence in disciplinary proceedings where the officer's conduct was considered to be contrary to Department policy. At this time, the parties have agreed that certain Administrative Investigation information will be provided pursuant to the terms set forth in this Protective Order.  As a result, the parties have agreed to this Proposed Protective Order covering these records for the following Good Cause reasons:

4.     Administrative Investigations are maintained as confidential reports and are considered part of the individual officers' personnel record. Administrative

STIPULATION OF PARTIES AND STATEMENT OF GOOD CAUSE FOR PROPOSED PROTECTIVE ORDER
REGARDING DISCLOSURE OF CONFIDENTIAL INFORMATION

Investigations include information which is both personal in nature and could potentially impact the liberty interests of the involved police officers and/or civilians named within.  The information obtained from Administrative Investigations can and have been used to initiate disciplinary action against officers and as evidence in disciplinary proceedings where the use of force or tactics used were considered to be contrary to Department policy.

5.     Unfettered release of Administrative Investigations have the potential for untold negative results. In terms of societal interests, it would inhibit the Department's ability to frankly engage in critical self-analysis.  Public exposure of many Administrative Investigations could severely threaten the safety and well-being of the individuals, their families and associates. Many Administrative Investigations include embarrassing facts.  At a minimum, disclosure of an entire Administrative Investigation would cause needless intrusion of privacy rights and have a negative effect on the Department's effort to conduct these important investigations.  Indeed, for all of these reasons, persons interviewed by Investigators are advised that their statements are being taken for the confidential use of the Department.

6.     The materials and interview statements of Administrative Investigations are maintained in protected files in order to maintain their confidentiality. They are not routinely shown to other city departments. Even then, information which is not clearly relevant to the rationale governing the request is redacted to ensure the utmost regard for the privacy rights of the mentioned within a given report. The reports are not available to the general public except by court order.

7.     In each case involving court-ordered disclosure of information from a Administrative Investigation sought in state or federal court, it is Department policy to seek a protective order limiting use of the information to the case at trial

6

and identifying those persons who may properly be granted access to the information. Absent a protective order, it becomes unrealistic to conceive that the large numbers of attorneys, secretaries, law clerks, paralegals and witnesses involved in many cases will be able to maintain proper confidence of personal, private material absent an order which clearly delineates their responsibilities. The orders further request that said records be returned to the Department after the case has terminated, either by final judgment or otherwise. This request serves to ensure that intrusion into the privacy and employment rights of those involved is limited to the particular case in which the facts are relevant.

8.    The issuance of an appropriate protective order makes certain that these privacy concerns are not compromised beyond that degree necessary to the issues before the court. Accordingly, on behalf of the Los Angeles Police Department and those persons identified within a given Administrative Investigation, the Defendants respectfully request these procedural protections in the instant case.

9.    Accordingly, the parties hereby stipulate that the above-referenced Administrative Investigation documents and items are confidential in nature and is appropriately produced pursuant to a protective order. (See *Soto v. City of Concord*, 162 20   F.R.D. 603, 616 (N.D. Cal. 1995.))

**IV**.

**TERMS OF THE PROTECTIVE ORDER**

10.    If the Protective Order is issued, Defendants will produce the above-referenced documents wherein the documents will be marked in one of the following ways: "Confidential," "Confidential Documents," "Confidential Material," "Subject to Protective Order" or words of similar effect. Documents, writings, or other tangible items, so designated, and all information derived therefrom (hereinafter, collectively referred to as "Confidential Information"), shall

be treated in accordance with the terms of this stipulation and protective order.

11.     Confidential Information may be used by the persons receiving such information only for the purpose of this litigation.

12.     Subject to the further conditions imposed by this stipulation, Confidential Information may be disclosed only to the following persons:

(a)     The Court and its personnel, Counsel for the parties, parties, and to experts, investigators, paralegal assistants, office clerks, secretaries and other such personnel working under their supervision.

(b)     Such other parties as may be agreed by written stipulation among the parties hereto, or by Court order.

13.     Except as to the Court and its personnel, Prior to the disclosure of any Confidential Information to any person described in paragraph 12(a) or 12(b), counsel for the party that has received and seeks to use or disclose such Confidential Information shall first provide any such person with a copy of this stipulation, and shall cause him or her to execute, on a second copy which counsel shall thereafter serve on the other party the following acknowledgment:

**"I understand that I am being given access to Confidential**
**Information pursuant to the foregoing stipulation and order.**
**I have read the Order and agree to be bound by its terms with**
**respect to the handling, use and disclosure of such Confidential**
**Information.**
**Dated:     _____/s/_____"**

14.     Upon the final termination of this litigation in either the United States District Court (Central District of California) or exhaustion of all appeals, all Confidential Information and all copies thereof shall be returned to the Los Angeles City Attorney's Office within thirty (30) calendar days along with written confirmation from Plaintiff's counsel that all materials are being returned pursuant

to the terms of this Stipulation and the District Court's order on this Stipulation. Since Plaintiff is alleging both federal and state claims, the City of Los Angeles and any individual police officer defendants (including those who may be added as parties to this litigation) object to Plaintiff's retention, possession, custody and control of the above-referenced Confidential Information in the event the federal claims are dismissed and remaining state law claims are remanded to the Los Angeles County Superior Court ("Superior Court").  These objections are made pursuant to California law, including but not limited to, the Peace Officer's Bill of Rights, California Evidence Code Sections 1043 and 1045, as well as *Haggerty v. Superior Court* (2004) 117 Cal.App.4th 1079.  In the event that the federal claims in this litigation are dismissed and the remaining state law claims are remanded to the Superior Court, Defendant City and/or any individual police officer defendants (including those who may be added as parties to this litigation) reserve the right to file any and all necessary motions for an order from the Superior Court compelling Plaintiff and/or his counsel to return all or specified portions of the Confidential Information produced by the City of Los Angeles in this litigation.

15.    If any party who receives Confidential Information receives a subpoena or other request seeking Confidential Information, he, she, or it shall immediately give written notice to the Defendants' counsel, identifying the Confidential Information sought and the time in which production or other disclosure is required, and shall object to the request or subpoena on the grounds of this stipulation so as to afford the Defendants an opportunity to obtain an order barring production or other disclosure, or to otherwise respond to the subpoena or other request for production or disclosure of Confidential Material. Other than objecting on the grounds of this stipulation, no party shall be obligated to seek an order barring production of Confidential Information, which obligation shall be borne by the Defendants. If Defendants seek an order barring the production or

other disclosure of Confidential Information, the party served with the subpoena or request shall not produce any Confidential Information before a determination by the court from which the subpoena or request issued, unless the party has obtained Defendants' permission. This provision does not authorize any party to disobey a lawfully issued subpoena or other process.

16.     Any pleadings, motions, briefs, declarations, stipulations, exhibits or other written submissions to the Court in this litigation which contain, reflect, incorporate or refer to Confidential Information shall be submitted **with an application that the document be filed and maintained under seal either pursuant to Ex Parte Application and Order of the Court or Stipulation of the parties and Order of the Court. (Local Rule 79-5, et seq.). Good cause for the under seal filing must be shown**. If a document or pleading submitted to the Court, as described in this paragraph, makes only a general reference to any document or information contained therein covered by this protective order, but does not quote or describe its contents in any specific way, and does not include the protected document itself, then the party or parties need not enter into a Stipulation or otherwise seek an order to file the documents under seal. **<u>In entering into a Stipulation for the filing of Confidential Information under seal, neither one of the parties waives its right to object to the admissibility of said information in connection with that proceeding or to move to exclude said information prior to or during the time of trial.</u>**

17.     Nothing herein shall prejudice any party's rights to object to the introduction of any Confidential Information into evidence, on grounds including but not limited to relevance and privilege.

18.     During the course of depositions, when counsel makes an objection to a question concerning a protected document or information contained therein, which is the subject of this Stipulation and protective order, or concerning a

general area that counsel believes should be covered by the scope of this Stipulation and protective order, those witnesses may answer the question, without waiving the objections, and the questions and answers to those questions will be covered by the terms of this protective order. Counsel and the parties reserve the right to object to the disclosure of confidential or private information which is not the subject of this Stipulation and protective order. Any documents deemed confidential pursuant to this protective order will be subject to the terms of this protective order, if they are used as exhibits in any deposition. This agreement does not waive any objections counsel may make, including objections unrelated to the reasons for this protective order.

19.     Each person receiving or reviewing Confidential Information must consent to the jurisdiction of the United States District Court for the Central District of California, including the Magistrate Judge assigned to this case, with respect to any proceeding relating to enforcement of this Order, including, without limitation, any proceeding for contempt and/or monetary sanctions.

20.     This Protective Order controls only discovery proceedings. The parties must take up the use of any confidential materials during any other proceeding with the District Judge, including but not limited to making a request to the District Judge, in advance of trial, that the Confidential Information disclosed pursuant to the Protective Order remain confidential and/or be kept and maintained pursuant to the terms of the Protective Order.

21.     If timely corrected, an inadvertent failure to designate Confidential Information does not, standing alone, waive the designating party's right to secure protection under this Order for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to assure that the Confidential Information is treated in accordance with the provisions of this Order. //

22.    This Stipulation may be signed in sub-parts and may be transmitted by facsimile as if it was the original document. Defendants will lodge this executed Stipulation with the Court for approval.

**IT IS SO STIPULATED.**

Dated: January 30, 2015

Respectfully submitted,

**MICHAEL N. FEUER,** City Attorney
**THOMAS H. PETERS**, Chief Assistant City Attorney
**CORY M. BRENTE**, Supervising Assistant City Attorney

/s/ J. Edwin Rathbun, Jr.
By _____
**J. EDWIN RATHBUN, JR.**, Deputy City Attorney
*Attorneys for Defendant* **CITY OF LOS ANGELES, SERGEANT KUNTZ and OFFICER JOSEPH POLLACK**

Dated: January 30, 2015

Respectfully submitted,

**WAGNER & PELAYES, LLP**

/s/ Tristan G. Pelayes
By _____
**TRISTAN G. PELAYES,** Attorney at Law
*Attorneys for Plaintiff* **GIOVANNI FERDINAND**

**IT IS SO ORDERED.**

Dated:  February 11, 2015

**MAGISTRATE JUDGE JEAN P. ROSENBLUTH**

STIPULATION OF PARTIES AND STATEMENT OF GOOD CAUSE FOR PROPOSED PROTECTIVE ORDER
REGARDING DISCLOSURE OF CONFIDENTIAL INFORMATION