## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-7056 FMO (JPRx) | Date | July 5, 2016 |
|---|---|---|---|
| Title | Giovanni Ferdinand v. Officer Joseph Pollack, et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Julieta Lozano | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorney Present for Defendants: |
|---|---|
| None Present | None Present |

**Proceedings:** (In Chambers) Order to Show Cause Re: Sealing Exhibits

    On July 5, 2016, the court granted plaintiff's Application for Leave to File Documents Under Seal Pursuant to Local Rule 79-5.2.2 (Dkt. 96, "Application"). (See Dkt. 98, Court's Order of July 5, 2016). Having reviewed the record and its order granting the Application, the court has determined that it erred in granting plaintiff's Application.

    On June 28, 2016, defendants filed their Motion for Partial Summary Judgment (Dkt. 94, "Motion"), along with the related papers required by the court's Order Re: Summary Judgment Motions. (See Dkt. 92, Court's Order of March 4, 2016, at 2-4). Defense counsel refused to include four of plaintiff's exhibits in the Evidentiary Appendix on the theory that these exhibits should be sealed pursuant to the protective order entered on February 11, 2015. (See Dkt. 96-1, Declaration of Amanda J. Parker ("Parker Decl.") at Exh. 1, E-mail from Elizabeth Mitchell to Amanda Parker on June 28, 2016, at 7:29 a.m.; Dkt. 24, Court's Order of February 11, 2015, ("Proposed Order") at ¶ 16). Defense counsel's refusal to include these exhibits in the Evidentiary Appendix forced plaintiff to submit the Application in order to present the exhibits for the court's consideration. (See Dkt. 96, Application at 2).

    Defendants, not plaintiff, have an interest in sealing the exhibits at issue. (See Dkt. 96-1, Parker Decl. at Exh. 1, E-mail from Elizabeth Mitchell to Amanda Parker on June 27, 2016, at 11:11 a.m.). Plaintiff initially included those exhibits in the Evidentiary Appendix, but defense counsel twice removed them on the belief that they should be sealed. (See id. at Exh. 1, E-mail from Amanda Parker to Elizabeth Mitchell on June 27, 2016, at 12:37 p.m.). As a result, defendants, not plaintiff, were obligated to file an Application for Leave to File Under Seal pursuant to Local Rule 79-5.2.2. Defendants failed to do so. (See, generally, Dkt.).

    When considering whether to seal a document, the court "start[s] with a strong presumption in favor of access to court records." Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003). A party seeking to overcome that presumption – here, defendants – must articulate "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure[.]" Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (internal quotation marks and citation omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 14-7056 FMO (JPRx)** | Date | **July 5, 2016** |
|---|---|---|---|
| Title | **Giovanni Ferdinand v. Officer Joseph Pollack, et al.** | | |

      Accordingly, IT IS ORDERED THAT, no later than **5:00 p.m. on July 7, 2016**, defendants shall show cause in writing why the sealed exhibits submitted with plaintiff's Application (Dkt. 96) should not be unsealed. Defendants shall address, at minimum: (1) their compelling reasons for sealing the exhibits despite the strong presumption in favor of public access to court records; and (2) the specific factual findings supporting those compelling reasons. **Failure to submit a response to this Order by the deadline set forth above shall be deemed as consent to the unsealing of the exhibits at issue.**

|  | 00 | : | 00 |
|---|---|---|---|
| | Initials of Preparer | | jloz |